**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-01885 REB-PAC

DELMART E.J.M. VREELAND, 2ND,

    Applicant,

v.

DAVID WEAVER, DOUGLAS COUNTY SHERIFF,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

The matter before me is applicant's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1], filed September 22, 2006.  Applicant, Delmart E.J.M. Vreeland, 2nd, is incarcerated in the Douglas County Jail.  Vreeland is awaiting trial in state court on a variety of criminal charges.  Vreeland alleges that the state court has not conducted a trial on the charges pending against him, and that his right to a speedy trial has been violated by the state court.  The application is denied, and this case is dismissed.

A prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."  ***Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-90 (1973).  However, a federal court lacks jurisdiction to consider in a pretrial habeas corpus action a claim that the state is barred from trying the applicant because the state allegedly has violated the applicant's right to

a speedy trial.  See **Dickerson v. Louisiana**, 816 F.2d 220, 226 (5th Cir.), **cert. denied**, 484 U.S. 956 (1987); **Capps v. Sullivan**, 13 F.3d 350, 353 - 354 (10th Cir. 1993) (by filing a pretrial habeas application, a criminal defendant can only seek to force the state to go to trial).  In his prayer for relief, Vreeland seeks 1) a "complete discharge from all Colorado state charges"; 2) a hearing on all issues; 3) if necessary, a stay to permit him to exhaust state remedies and to allow transcripts of the state proceedings to be produced.  *Petition* at 11.  In short, Vreeland is demanding his forthwith release from state custody because of the alleged speedy trial violation.  He does not seek to force the state to bring him to trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That Vreeland's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1], filed September 22, 2006, is **DENIED** for lack of jurisdiction; and

2. That this case is **DISMISSED**.

Dated October 10, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**